# United States Court of Appeals
## For the First Circuit

No. 08-1416

UNITED STATES,

Appellee,

v.

TIMOTHY J. GANUN, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

Timothy Ganun, Jr., on brief pro se.
Renée M. Bunker, Assistant U.S. Attorney, and Paula D. Silsby,
United States Attorney, on brief for appellee.

November 7, 2008

**Per Curiam**.  Timothy J. Ganun, Jr. pled guilty to one count of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He was sentenced to the applicable statutory mandatory minimum sentence of ten years.  See id. § 841(b)(1)(A).  In January 2008, Ganun filed a form motion requesting appointment of counsel to represent him in pursuing a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the Sentencing Commission's retroactive amendment of the crack cocaine guideline (Amendments 706, 711 and 713).  The district court summarily denied a sentence reduction on the ground that "because the sentence is required by statute, the Court may not reduce the sentence pursuant to the recent amendments."  Ganun appeals from that ruling on the ground that it was prematurely entered before he had the opportunity to file the motion and memorandum in support, and that the district court erred in denying the reduction.

Having carefully examined the record and considered the parties' briefs, we conclude that the district court lacked authority to grant Ganun his requested sentencing reduction pursuant to § 3582(c)(2) and the crack cocaine amendment to the Sentencing Guidelines because he was serving a statutory mandatory minimum sentence.  Section 3582(c)(2) "confers no power on the district court to reduce a minimum sentence mandated by statute." United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994).  Ganun's

-2-

argument that the concerns that prompted the Sentencing Commission to lower the base offense level for cocaine base offenses should also result in reductions in the statutory mandatory minimums overlooks the fact that the Sentencing Commission is without power to determine statutory minimums.

Independently, we also note that the application notes to the applicable policy statements provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of [a] . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n. 1(A)).

We need not decide whether Ganun's argument that he was denied due process by the district court's premature denial of his motion has any merit. Having considered all of Ganun's arguments in support of such reduction, it is clear that Ganun was not prejudiced by his inability to present those arguments to the district court.

Affirmed.