**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1285

UNITED STATES OF AMERICA,

Appellee,

v.

NGHIA NGUYEN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Nghia Nguyen on brief pro se.
Reneé M. Bunker, Assistant U.S. Attorney, and Paula D.
Silsby, United States Attorney, on brief for appellee.

January 16, 2009

**Per Curiam**.  This is an appeal from the district court's denial of a reduction in sentence under 18 U.S.C. § 3582(c)(2)[1] and the recently amended guidelines for cocaine base ("crack") offenses.[2]  In his pro se brief,[3] defendant argues that the district court erred in, first, treating his request for appointment of counsel as a request for a reduction of sentence under section 3582(c)(2); second, denying the reduction before the effective date of the retroactive amendment to the crack guidelines; and, third, denying the reduction on the ground that he is a career offender. In the course of making those arguments, he also faults the district court for treating the guidelines as mandatory and failing to apply the factors set forth in 18 U.S.C. § 3553(a).  For the reasons discussed below, we find those arguments unpersuasive and therefore affirm the district court's denial of a sentence reduction in this case.

---

[1]That provision creates an exception to the general rule that a district court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Under section 3582(c)(2), the district court may reduce a term of imprisonment previously imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

[2]Amendment 706, effective November 1, 2007, reduced the base offense levels for crack offenses by two levels.  Amendment 713, effective March 3, 2008, made amendment 706 retroactive.

[3]Defendant has not requested appointment of counsel on appeal.

On the face of his request for appointment of counsel, it is clear that defendant was seeking appointment of counsel for the sole purpose of representing him in a proceeding for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the recently promulgated, retroactive amendments to the crack guidelines. The district court therefore reasonably construed defendant's submission as a request both for appointment of counsel to represent him such a proceeding and to reduce his sentence under those provisions. Anyway, even in the absence of a motion by the defendant, the district court had authority to initiate proceedings for a reduced sentence "on its own motion." 18 U.S.C. § 3582(c)(2). Therefore, any error in construing defendant's submission as such a motion was harmless. Any error in prematurely denying a reduction was also harmless, since it is clear that the result would have been no different if the court had waited thirteen additional days to act on defendant's motion. United States v. Ganun, 547 F.3d 46, 47 (1st Cir. 2008) (per curiam).

Defendant's argument that the district court erred in excluding career offenders from receiving a reduction under the amended guidelines is foreclosed by this court's recent decisions in United States v. Caraballo, 2008 WL 5274853 (1st Cir. Dec. 22, 2008), and United States v. Ayala-Pizarro, 2008 WL 5338459 (1st Cir. Dec. 23, 2008), both holding that, where, as here, a defendant originally was sentenced as a career offender rather than as a

crack cocaine offender, his original sentence was not "based on a sentencing range that has subsequently been lowered" by the retroactive crack cocaine amendment, and he is therefore ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Caraballo, 2008 WL 5274853, at *5; Ayala-Pizarro, 2008 WL 5338459, at * 1. This panel is not free to disregard those rulings, United States v. Lewis, 517 F.3d 20, 23-24 (1st Cir. 2008), nor do we see any reason to do so.

Defendant's further argument that the district court erred in treating the guidelines as mandatory and failing to consider the factors set forth in 18 U.S.C. § 3553(a) also falls short. Whatever role section 3553(a) and the advisory nature of the guidelines may play in the district court's discretionary determination of whether and to what extent to reduce a defendant's sentence under section 3582(c)(2), where applicable--issues we need not decide here--those considerations do not come into play where, as here, a defendant is statutorily ineligible even to be considered for such a reduction. Caraballo, 2008 WL 5274853, at *5 n.4

Accordingly, the district court's order denying a sentence reduction is affirmed. 1st Cir. R. 27.0(c).