[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11301
Non-Argument Calendar

_____

D. C. Docket No. 04-00566-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS SMILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2009)

Before EDMONDSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Curtis Smiley, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2). The question in this case is how to determine whether a defendant is eligible for a § 3582(c)(2) sentence reduction because of Amendment 706 when there was § 5K1.1 departure in the original sentence. After review, we conclude that Amendment 706 must lower the sentencing range before the § 5K1.1 departure in order for a defendant to be eligible for a § 3582(c)(2) reduction. Thus, we affirm the district court's decision that the defendant was not eligible for a § 382(c)(2) reduction.

## I. BACKGROUND

### A. Smiley's 2005 Sentencing

Pursuant to a plea agreement, Smiley pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846. At a 2005 sentencing hearing, the district court assigned Smiley a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1) (2004), because Smiley's offense involved 1.5 kilograms or more of crack cocaine. The district court calculated a total offense level of 39 based on: (1) a four-level increase, pursuant to U.S.S.G. § 3B1.1(a), for Smiley's leadership role in the offense; and (2) a three-level reduction, pursuant to U.S.S.G. § 3E1.1(a) and

(b), for Smiley's acceptance of responsibility. With a total offense level of 39 and a criminal history category of VI based on 23 criminal history points, Smiley's guideline range was 360 months' to life imprisonment.[1]

The district court then granted the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on Smiley's substantial assistance. The district court stated that it would "depart downward five levels to a level 34, which gives us a range of 262 to 327 months." The district court sentenced Smiley to 262 months' imprisonment in 2005.

## B.    Smiley's § 3582(c)(2) Motion

In March 2008, Smiley filed a § 3582(c)(2) motion to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which lowered by two levels the base offense levels for certain crack cocaine offenses. The district court denied Smiley's § 3582(c)(2) motion, concluding Smiley was ineligible for a sentence reduction. Smiley's base offense level of 38, with the three-level role adjustment and two-level acceptance reduction, yielded a total offense level of 39. Smiley's criminal history category of VI and total offense level of 39 yielded a

---

[1]Although Smiley qualified for career-offender status, the district court did not apply the career offender guideline because Smiley's total offense level applicable to the underlying drug offense, 39, was greater than his career offender offense level, 37. See U.S.S.G. § 4B1.1(b) (providing that the greater offense level, as between the career offender offense level and the otherwise applicable offense level, shall apply).

3

guideline range of 360 to life imprisonment before the § 5K1.1 departure. Amendment 706 did lower Smiley's offense level by two levels from 38 to 36, which with the role and acceptance adjustments resulted in a total offense level of 37. However, a total offense level of 37, with a criminal history category VI, yielded the same guideline range of 360 months' to life imprisonment. Thus, the district court determined Smiley's sentencing range was not lowered by Amendment 706 as required to be eligible for a § 3582(c)(2) reduction.

In a motion for reconsideration, Smiley argued that the district court should have assessed the impact of Amendment 706 by looking at his "total offense level" after his § 5K1.1 departure was taken into account, which he said was 34 before Amendment 706 and 32 after Amendment 706. Smiley argued that an offense level 32 and a criminal history category VI would yield a lower sentencing range of 210 to 262 months. The district court denied Smiley's motion for reconsideration. Smiley appealed.

## II. DISCUSSION

Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). A § 3582(c)(2) reduction must be

4

"consistent with applicable policy statements issued by the Sentencing Commission." Id. The policy statement in U.S.S.G. § 1B1.10(a), similarly provides that where "the guideline range applicable to that defendant" has subsequently been lowered by an amendment to the Guidelines, the district court may reduce the defendant's term of imprisonment under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1) (2008). However, § 1B1.10(a) provides that a sentence reduction "is not authorized" if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). Thus, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009).[2]

Smiley's § 3582(c)(2) motion was based on Amendment 706, which reduced certain base offense levels in U.S.S.G. § 2D1.1(c)'s drug quantity table applicable to crack cocaine offenses. See U.S.S.G. app. C, amends. 706, 713 (2007). In Smiley's case, Amendment 706 applies to his particular crack cocaine offense and

_____

[2]We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

5

reduced the base offense level for his drug offense from 38 to 36.  See U.S.S.G.

§ 2D1.1(c)(2).  And, after the four-level increase for his leadership role and three-

level reduction for acceptance of responsibility, Smiley's amended total offense

level would be 37 (as opposed to his original total offense level of 39).  Even after

Amendment 706, any offense level above 36 yields the same sentencing range of

360 months to life imprisonment if, like Smiley, the defendant has a criminal

history category of VI.  See U.S.S.G. ch. 5, pt. A, Sentencing Table.[3]  For this

reason, Amendment 706 did not have the effect of lowering Smiley's applicable

guideline range.  And, under U.S.S.G. § 1B1.10(a)(2)(B), a sentence reduction is

not authorized if Amendment 706 "does not have the effect of lowering the

defendant's applicable guideline range."  Thus, the district court did not err in

concluding that it lacked authority to grant Smiley a § 3582(c)(2) sentence

reduction.

Smiley argues that the district court should have assessed the impact of

Amendment 706 on his sentencing range using only Smiley's offense level after

the § 5K1.1 five-level downward departure.  In other words, Smiley wants his

_____

[3]The government incorrectly asserts that, after Amendment 706, the career offender offense level becomes the relevant offense level because it is greater than the offense level derived from Smiley's drug quantity.  See U.S.S.G. § 4B1.1(b) (noting that, in comparing the two offense levels, the career offender offense level is adjusted for acceptance of responsibility).  Smiley's offense level would be 34 under the career offender provision after a three-level reduction for acceptance of responsibility, which is less than offense level of 37 derived from § 2D1.1(c) as amended by Amendment 706.

offense level calculated using both the two-level reduction in Amendment 706 and the five-level departure under § 5K1.1. Smiley points out that a total offense level of 32 and a criminal history category of VI results in a lower sentencing range of 210 to 262 months.[4] Smiley's argument lacks merit for several reasons.

First, Smiley misapprehends the nature of § 5K1.1 departures. Section 5K1.1 provides that, upon the government's motion stating that the defendant provided substantial assistance, "the court may depart from the guidelines" and "[t]he appropriate reduction shall be determined by the court" based on considerations such as the significance, usefulness, timeliness, nature and extent of

---

[4]Smiley cites United States v. Vautier, 144 F.3d 756 (11th Cir. 1998), but that case involved Amendment 516 and the narrow issue of whether the court that granted a prior downward departure was required to honor its original downward departure. Vautier argued that after substituting the new base offense level under Amendment 516 for his marijuana conviction, the district court was required to reduce his sentence and to grant a substantial assistance downward departure again. 144 F.3d at 758-60. Vautier rejected this claim concluding that the district court had discretion whether to reapply a downward departure for substantial assistance. Id. at 761.

In any event, Vautier does not address the threshold question of eligibility and is not on point. As U.S.S.G. § 1B1.10(a) makes clear, a district court considering a § 3582(c)(2) motion first must address whether it has the "authority" to reduce a defendant's sentence, i.e. whether the defendant is eligible for a sentence reduction. See U.S.S.G. § 1B1.10(a) & cmt. n.1(A). If the district court determines that the amendment did indeed lower the applicable guidelines range, the defendant is eligible for a § 3582(c)(2) reduction and the district court "may" reduce his sentence, but is not required to do so. Only after eligibility is established does § 1B1.10(b)'s two-step process, described in Vautier, comes into play.

In Smiley's case, the district court concluded, under § 1B1.10(a), that Smiley was ineligible for a § 3582(c)(2) reduction and that it did not have the authority to grant Smiley's § 3582(c)(2) motion. Therefore, the district court never reached the sentence recalculation required by § 1B1.10(b) or the question of whether to re-apply the five-level downward departure. Instead, the only question the district court addressed was the question presented on appeal–whether Smiley's "applicable guideline range" was lowered by Amendment 706 within the meaning of § 1B1.10(a)(1).

the defendant's assistance. U.S.S.G. § 5K1.1. The overall structure of the Sentencing Guidelines contemplates that the "applicable guideline range" is calculated first and that § 5K1.1 is a departure from the guideline range, not a guideline range of its own. See U.S.S.G. § 1B1.1 (providing the order to be followed in applying the provisions of the Sentencing Guidelines Manual).

Second and more specifically, in applying the Sentencing Guidelines, the district court first calculates the offense level under Chapters 2 and 3 and the criminal history category under Chapter 4. U.S.S.G. § 1B1.1(a)-(f). As outlined above, Amendment 706 lowered Smiley's base offense level from 38 to 36, but due to the role and acceptance adjustments, Smiley's total offense level was 37. The district court then uses the total offense level and criminal history category it has calculated to determine the applicable guidelines range in the Sentencing Table in Part A of Chapter 5. U.S.S.G. § 1B1.1(g). After calculating the applicable guideline range, the district court may consider departures in Part K of Chapter 5. U.S.S.G. § 1B1.1(i). Part K of Chapter 5 authorizes the district court to "depart from the guidelines," based on the defendant's substantial assistance. In other words, U.S.S.G. § 5K1.1 "does not provide a Guidelines range of its own, but rather [is] a departure from the Guidelines range, made after the applicable Guidelines range has been calculated." United States v. Lindsey, 556 F.3d 238,

8

245 (4th Cir. 2009) (rejecting defendant's argument that, to determine whether the applicable guideline range has been lowered, the district court should apply Amendment 706's two-level offense level reduction after a nine-level downward departure under § 5K1.1), cert. denied, ___ S. Ct. ___, No. 08-11044, 2009 WL 1807431 (Oct. 5, 2009).  Indeed, the application notes to U.S.S.G. § 1B1.1 define "downward departure" as a "departure that effects a sentence less than a sentence that could be imposed under the applicable guideline range or a sentence that is otherwise less than the guideline sentence."  U.S.S.G. § 1B1.1 cmt. n.1(E) (emphasis added).

In short, the § 5K1.1 downward departure did not change Smiley's applicable guideline range; rather, it is an authorized departure from the applicable guideline range based on Smiley's substantial assistance.  That the district court in Smiley's case quantified its § 5K1.1 discretionary departure in terms of five offense levels as opposed to percentages, does not change the fact that a § 5K1.1 departure is from the calculated guideline range.  We agree with the Fourth Circuit in Lindsey that the fact that the district court quantified the downward departure in offense-level terms "did not amount to the application of a 'sentencing range' authorized and made applicable by the Sentencing Guidelines."  556 F.3d at 246. As the Lindsey court pointed out, § 5K1.1 merely instructs the district court to

9

determine an "appropriate reduction," leaving the district court free to express that reduction as a percentage, a flat number of months or a number of offense levels. Id. at 245-46.

Third, the language of § 1B1.10(b) also supports this conclusion. Section 1B1.10(b) provides that, while the district court may consider previously-given departures in § 1B1.10(b)(2), the district court does so only after it has determined that a departure is warranted in § 1B1.10(b)(1). See U.S.S.G. § 1B1.10(b)(1) & (2). Furthermore, § 1B1.10(b)(2) describes a sentence imposed pursuant to a downward departure as a term of imprisonment that is "less than the term of imprisonment provided by the guideline range applicable to the defendant . . . ." U.S.S.G. § 1B1.10(b)(2)(B), see Lindsey, 556 F.3d at 245 (explaining that § 1B1.10(b)(2) "directs that only after it is determined that a reduction under § 3582(c)(2) is warranted via the calculation in § 1B1.10(b)(1), a downward departure may be made from the amended sentence"). Thus, § 1B1.10(b) recognizes that a "defendant's applicable guideline range" does not include downward departures.

Here, based on his total offense level of 39 and criminal history category of VI, Smiley's applicable guideline range, within the meaning of § 1B1.10(a), was 360 months' to life imprisonment. The district court's subsequent § 5K1.1

downward departure was a departure from that applicable guideline range and did not provide a new guideline range. As discussed above, even after Amendment 706 reduced his base offense level and in turn his total offense level, Smiley's applicable guideline range remained the same because of his criminal history category VI. Thus, Smiley was not eligible for a § 3582(c)(2) sentence reduction.[5]

**AFFIRMED.**

---

[5]Because Smiley is ineligible for a § 3582(c)(2) sentence reduction, the district court had no authority to consider the 18 U.S.C. § 3553(a) factors and impose a new sentence. See United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009) (explaining that, because the defendant's sentencing range did not change and the district court did not have authority to reduce the defendant's sentence, the district court did not need to examine the § 3553(a) factors). Smiley's argument that his original 262-month sentence is unreasonable is outside the scope of the § 3582(c)(2) proceeding. See 18 U.S.C. § 3582(c)(2) (limiting proceedings under § 3582(c)(2) to cases in which a retroactive amendment affects the applicable guidelines range); United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (explaining that § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues").