FILED
United States Court of Appeals
Tenth Circuit

December 10, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMUEL EARL NORWOOD,

    Defendant - Appellant.

No. 13-6045
(D.C. No. 5:93-CR-00175-R-1)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **MURPHY**, and **MATHESON**, Circuit Judges.

Defendant-Appellant Samuel Earl Norwood was convicted in 1994 for his role as

a leader in a cocaine base (crack cocaine) drug distribution conspiracy. The district court

sentenced Mr. Norwood to life in prison—his sentencing range under the United States

Sentencing Guidelines (the "Guidelines"). In 2008 and 2012, Mr. Norwood moved

pro se for a reduction under 18 U.S.C. § 3582(c)(2) in light of amendments to the

---

[*] After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines that reduced the sentencing disparity between powder and crack cocaine. In 2013, Mr. Norwood's counsel filed a supplemental motion on his behalf. The district court denied these motions because the amendments did not lower his Guidelines range. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

### A. *Conviction and Sentencing*

Mr. Norwood was the leader of a drug conspiracy to supply multi-kilogram quantities of crack cocaine in the Oklahoma City area. On January 27, 1994, a jury convicted him on 17 counts of drug-related offenses, including conspiracy to possess with intent to distribute cocaine powder and crack cocaine, in violation of 21 U.S.C. § 846, and distributing crack cocaine to a person under the age of 21, in violation of 21 U.S.C. § 859.

In preparation for Mr. Norwood's sentencing, the Probation Office prepared a presentence report ("PSR") using the 1993 edition of the Guidelines. The PSR grouped 15 of Mr. Norwood's drug related offenses under U.S.S.G. § 2D1.1(a)(3) (1993), which established a base offense level of 42 for distributing 15 kilograms or more of cocaine base. *See id.* § 2D1.1(c)(1). The PSR added four levels for Mr. Norwood's role as a leader/organizer and two levels for obstruction of justice. This yielded a total offense level of 48 for these counts.

The PSR grouped Mr. Norwood's remaining two counts—for distributing crack cocaine to a minor in violation of 21 U.S.C. § 859—under U.S.S.G. § 2D1.2. This

guideline called for a base offense level of 43: one plus the offense level from § 2D1.1 applicable to the total controlled substances involved in the offense (which, as noted above, was 42). *See* U.S.S.G. § 2D1.2(a)(2) (1993). The PSR again added four levels for Mr. Norwood's role as a leader/organizer and two levels for obstruction of justice. This established a total offense level of 49.

The PSR attributed nine criminal history points to Mr. Norwood because of three previous convictions and because he participated in the drug conspiracy while on probation. This established a criminal history category of IV, which combined with his highest total offense level of 49, placed Mr. Norwood's Guidelines range at life in prison. *See* U.S.S.G. Ch. 5, Part A (1993) (Sentencing Table). Mr. Norwood objected to the PSR's calculation of the offense levels for his convictions, but he did not object to the calculation of his criminal history category.

At sentencing, the district court sustained Mr. Norwood's objection to the obstruction-of-justice enhancement. The court overruled all other objections, including Mr. Norwood's objection to the enhancement for his role as a leader/organizer. The court also determined that Mr. Norwood was accountable for the distribution of "at least 20 kilograms of crack cocaine." Suppl. ROA, Vol. I at 72; *see also United States v. Ivy*, 83 F.3d 1266, 1288 (10th Cir. 1996) (quoting district court in opinion denying appeal of multiple defendants, including Mr. Norwood, on sufficiency of evidence grounds). After striking the obstruction-of-justice enhancements, Mr. Norwood's total offense level was 46 (for the 15 counts grouped under § 2D1.1) and 47 (for the two counts grouped under

§ 2D1.2) for his convictions, and his criminal history category remained at IV, resulting in a Guidelines range of life in prison. *See* U.S.S.G. Ch. 5, Part A (1993) (Sentencing Table). The district court sentenced Mr. Norwood to life in prison on six counts, 240 months in prison on two counts, 960 months in prison on two counts, 480 months in prison on five counts, and 60 months in prison on two counts, all to run concurrently.

Mr. Norwood appealed both his conviction and sentence, and we affirmed. *Ivy*, 83 F.3d at 1298.[1]

## B. *Amendments to the Guidelines*

Since Mr. Norwood's initial sentencing in 1994, the Sentencing Commission has adopted three amendments to the Guidelines that are relevant to this appeal. In 1995, the Commission made retroactive Amendment 505, which reduced the highest base offense level available for all drug tables in the Guidelines from 42 to 38. *See* U.S.S.G. App. C, Vol. I, amend. 536 (Nov. 1, 1995); *see also id.* App. C, Vol. I, amend. 505 (Nov. 1, 1994); *United States v. Pedraza*, 550 F.3d 1218, 1219 (10th Cir. 2008).

In 2007, the Commission promulgated Amendment 706, which "generally

---

[1] In 1999, the district court resentenced Mr. Norwood, pursuant to the Government's Fed. R. Crim. P. 35(b) motion, to 360 months in prison on thirteen counts, 240 months in prison on two counts, and 60 months in prison on two counts. As the Government observes, "[t]his resentencing has no relevancy to [Mr. Norwood's] eligibility for a sentence reduction," Aplee. Br. at 4 n.2, because the "applicable guideline range" for this inquiry is "determined before considering any departure provision in the Guidelines Manual or any variance," U.S.S.G. § 1B1.10 cmt. 1(A) (parentheses omitted). *See also United States v. Roa-Medina*, 607 F.3d 255, 260 (holding that sentences reduced under Rule 35(b) "remain 'based on' the restricted guidelines range that applied at the initial sentencing").

adjusted downward by two levels the base offense level assigned to quantities of crack cocaine." *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008); *see also* U.S.S.G. App. C, Vol. III, amend. 706 (Nov. 1, 2007). This amendment became retroactive on March 3, 2008. *See* U.S.S.G. App. C, Vol. III, amend. 713 (Mar. 3, 2008). It left base offense levels unchanged for offenses involving 4.5 kilograms of crack cocaine or greater. *See id.* App. C, Vol. III, amend. 706.

In November 2011, the Sentencing Commission made retroactive Amendment 750, which permanently reduced the offense levels for the crack cocaine guidelines to reflect the new 18:1 ratio between crack and powder cocaine established in the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. *See* U.S.S.G. App. C, Vol. III, amend. 750 (Nov. 1, 2011); *id.* App. C., Vol. III, amend. 759 (Nov. 1, 2011) (giving Amendment 750 retroactive effect). "The amendment altered the drug-quantity tables in the Guidelines, 'increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the FSA.'" *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012) (quoting *United States v. Curet*, 670 F.3d 296, 309 (1st Cir. 2012)). Although Amendment 750 increased the amount of crack cocaine required to establish the highest base offense level from 4.5 to 8.4 kilograms, it did not lower base offense levels for distribution convictions associated with 8.4 kilograms of crack cocaine or greater. *See* U.S.S.G. App. C, Vol. III, amend. 750.

C. *Section 3582(c)(2) Proceedings*

In 2008, Mr. Norwood filed a pro se § 3582(c)(2) motion seeking a reduction in his sentence based on Amendment 706. He was appointed counsel, but no action was taken on the motion at that time.

On August 6, 2012, after the Sentencing Commission made Amendment 750 retroactive, Mr. Norwood filed a second pro se § 3582(c)(2) motion seeking a sentence reduction based on that amendment as well. On January 10, 2013, his counsel filed a supplemental motion in support of a sentence reduction based on the same amendment. In the Government's response, it argued that Mr. Norwood was not eligible for a sentence reduction because he was held accountable for a drug quantity in excess of 8.4 kilograms and thus, neither Amendment 706 nor Amendment 750 could lower his base offense level. The district court agreed and denied Mr. Norwood's motions for a sentence reduction because his "guideline range remain[ed] unchanged." ROA, Vol. I at 148; *see also* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). Mr. Norwood now appeals.

## II. **DISCUSSION**

### A. *Standard of Review and Applicable Law*

We review a "district court's decision to deny a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013). However, "[t]he scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010) (quotations omitted). "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," however, a court may reduce a previously imposed sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

Section 3582(c)(2) "establishes a two-step inquiry" for evaluating a motion for sentence modification. *Dillon*, 130 S. Ct. at 2691; *see also United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010). Courts must first "follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *McGee*, 615 F.3d at 1292 (quoting *Dillon*, 130 S. Ct. at 2691). Section 1B1.10 explicitly forbids a sentencing reduction based on an amendment that "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

"Only if a district court 'determine[s] that a reduction is consistent with § 1B1.10' may it proceed to step two of the inquiry." *McGee*, 615 F.3d at 1292 (quoting *Dillon*, 130 S. Ct. at 2691). At step two, a court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the

policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon*, 130 S. Ct. at 2692).

## B. *Application*

Mr. Norwood argues that Amendments 706 and 750 make him eligible for a sentence modification because the amendments lowered his base offense level, and thus his Guidelines range. *See* Aplt. Br. at 15. He further argues that a proportional sentence reduction is appropriate because of "[p]ublic policy considerations of safety, rehabilitation, and reintegration in society." *Id.* at 18-19. We disagree.

Mr. Norwood is not eligible for a sentencing reduction because the amendments did not lower his Guidelines range. First, Mr. Norwood's motions for a sentence reduction identify the wrong amendments. Amendment 505, not Amendments 706 and 750, actually lowered his base offense level for distribution of crack cocaine. Amendments 706 and 750, by their express terms, do not lower the base offense level for distribution offenses involving greater than 8.4 kilograms of crack cocaine. *See* U.S.S.G. App. C, Vol. III, amends. 706 (4.5 kg), 750 (8.4 kg); *see also id.* § 2D1.1(c)(1) (8.4 kg). In this case, the district court found that Mr. Norwood had trafficked in "at least 20 kilograms of crack cocaine." Suppl. ROA, Vol. I at 72. We affirmed this finding in Mr. Norwood's first appeal. *See Ivy*, 83 F.3d at 1291 (20-kilogram estimate was "by no means clear error"). The district court was therefore correct to conclude that Amendments 706 and 750 did not lower Mr. Norwood's base offense level.

Second, although Amendment 505 reduced the base offense level for Mr.

Norwood's crimes, this amendment did not reduce Mr. Norwood's Guidelines *range*, which is a prerequisite for a sentence modification under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(2)(B). Under U.S.S.G. § 2D1.1(c), the base offense level for Mr. Norwood's drug amount—"at least 20 kilograms of crack cocaine," Suppl. ROA, Vol. I at 72—is 38, down from 42 in 1994 at his initial sentencing. This base level is increased to 39 for Mr. Norwood's counts involving distribution to a minor. *See* U.S.S.G. § 2D1.2(a)(2) (providing for a base offense level of "[one] plus the offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense" for drug offenses involving minors).

Adding Mr. Norwood's four-level enhancement for his role as a leader/organizer results in a total offense level of 43, down from 47. *See* U.S.S.G. § 1B1.10(b)(1) ("In [determining eligibility], the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*" (emphasis added)); *see also* U.S.S.G. § 3D1.3(b) ("When the counts involve offenses of the same general type to which different guidelines apply, apply the offense guideline that produces the highest offense level."). When paired with Mr. Norwood's criminal history category of IV, this new total offense level of 43 still produces an amended Guidelines range of life in prison. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

Accordingly, because none of the amendments actually lowered Mr. Norwood's

Guidelines range, he is not eligible for a sentencing modification under 18 U.S.C.

§ 3582(c).[2]

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's denial of Mr. Norwood's

motions for a sentence reduction.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

---

[2] Because Mr. Norwood is not eligible for a sentencing modification, we do not address his arguments that he should receive a sentence reduction below the amended Guidelines range, *see* Aplt. Br. at 15-19. *See McGee*, 615 F.3d at 1292 ("Only if a district court determines that a reduction is consistent with § 1B1.10 may it proceed to step two of the inquiry." (quotations omitted)); *see also Sharkey*, 543 F.3d at 1239 (declining to consider similar arguments where defendant was not eligible for sentencing reduction).