FILED
United States Court of Appeals
Tenth Circuit

April 11, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARLENE MCGUIRE,

Defendant - Appellant.

No. 24-1075
(D.C. No. 1:22-CR-00080-RMR-2)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.[**]

_____

Defendant Marlene McGuire sold fentanyl pills to sixteen-year-old J.B., who overdosed and died as a result. At trial, a jury convicted Defendant of six drug-related offenses: conspiracy to distribute fentanyl, para-fluorofentanyl, methamphetamine, and cocaine resulting in death under 21 U.S.C. § 846 (Count 1); distribution of fentanyl and para-fluorofentanyl resulting in death under 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2); distribution of fentanyl and para-fluorofentanyl to a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

person under 21 under 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 859 (Count 3); possession with the intent to distribute methamphetamine under 21 U.S.C § 841(a)(1), (b)(1)(B)(viii) (Count 4); possession with intent to distribute heroin under 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 5); and possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 6).

At sentencing, the district court calculated a total offense level of 40 after applying a two-level enhancement under U.S.S.G. § 3A1.1(b)(1). Section 3A1.1(b)(1)'s two-level enhancement applies when the victim of the offense is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." The district court found that J.B. was a vulnerable victim, and the Defendant objected to this finding. The district court stated that even if the Defendant were to prevail on this objection, Defendant's total offense level would remain the same because the counts are grouped, and another count would mandate a total offense level of 40. Defendant now appeals the two-level enhancement arguing that J.B. was not a vulnerable victim under § 3A1.1(b)(1).

We review the district court's application of the sentencing guidelines de novo, and we uphold the district court's factual findings unless they are clearly erroneous. United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997) (citing United States v. McAlpine, 32 F.3d 484, 487–88 (10th Cir.), cert. denied, 513 U.S. 1031 (1994)). Although an erroneously calculated Guideline sentence generally requires us to remand for resentencing, United States v. Gieswein, 887 F.3d 1054,

1056 (10th Cir. 2018), we may affirm a sentence resulting from an incorrect guideline calculation if the error was harmless, United States v. Sanchez, 979 F.3d 1256, 1264 (10th Cir. 2020) (citing United States v. Todd, 515 F.3d 1128, 1139 (10th Cir. 2008)).  "In the sentencing context, a harmless error is one that 'did not affect the district court's selection of the sentence imposed.'"  United States v. Hess, 106 F.4th 1011, 1036 (10th Cir. 2024) (quoting United States v. Lente, 647 F.3d 1021, 1037–38 (10th Cir. 2011)).

We decline to reach the merits of Defendant's claim because we agree with the district court that Defendant's total offense level is 40 regardless of whether § 3A1.1(b)(1)'s two-level enhancement applies.

Section 3D1.2 provides that "counts involving substantially the same harm shall be grouped together into a single Group."  Once the sentencing court groups the offenses, it then determines the offense level of the group.  United States v. Gigley, 213 F.3d 503, 506 (10th Cir. 2000).  The group's offense level, when grouped together pursuant to § 3D1.2(a)–(c), "is the offense level . . . for the most serious of the counts comprising the group, i.e., the highest offense level of the counts in the group."  Id. (quoting § 3D1.3(a)); see also § 3D1.3(b) ("In the case of counts grouped together pursuant to § 3D1.2(d) . . . apply the offense guideline that produces the highest offense level.").  The "offense level" for a count refers to the offense level after all adjustments and enhancements.  § 3D1.3, Application Note 1.  The presentence report grouped all counts together as a single group under § 3D1.2(a),

3

(c), (d), and at sentencing, the district court agreed with that approach. On appeal, Defendant does not challenge the grouping of her offenses.

We look to § 2D1.1 to calculate the base offense level of Counts 1, 2, 4, 5, and 6 because those counts involve 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), (b)(1)(C) and 846 violations. See U.S.S.G. Appendix A, Statutory Index. Under U.S.S.G. § 2D1.1(a)(2), Defendant's base offense level is 38. Because the district court determined that J.B. was a vulnerable victim under § 3A1.1(b)(1) and applied the two-level enhancement, the district court calculated a total offense level of 40.

But even if the district court did not apply § 3A1.1(b)(1)'s two-level enhancement, Defendant's total offense level would still be 40. We look to § 2D1.2 to calculate the base offense level for Count 3 because Count 3 is a violation of 21 U.S.C. § 859. See U.S.S.G. Appendix A, Statutory Index. Under U.S.S.G. § 2D1.2, Defendant's base offense level is 40.[1] Because all counts are grouped, under § 3D1.3(a)–(b), we apply the offense guideline that produces the highest offense level. In this case, the base offense level for Count 3 is higher than

---

[1] To be clear, although § 2D1.2(a)(1) adds two levels onto the base-offense level calculated under § 2D1.1 if the drug offense involved an underaged person, this is not the same two-level enhancement under § 3A1.1(b)(1) to which Defendant objects. And the two additional levels mandated in § 2D.1.2 are part of the base offense level, not enhancements to the base offense level. See United States v. Norwood, 548 F. App'x 550, 554 (10th Cir. 2013); United States v. Smith, 13 F.3d 380, 383 (10th Cir. 1993).

the offense level of Counts 1, 2, 4, 5, and 6 without the two-level enhancement, so Count 3's offense level controls the group.[2]

In sum, regardless of whether the district court applied § 3A1.1(b)(1)'s two-level vulnerable victim enhancement, Defendant's total offense level is 40.  Thus, even if the district court erred by applying the enhancement, that error was harmless.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[2] The district court noted at sentencing that "the calculation remains at 40" even "if the defendant were to prevail on [her vulnerable victim] objection" because "Count Three would control the offense level for the group of all counts."