**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 10-6055**

—————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOHN RICHARD PROCTOR,

        Defendant – Appellant.

—————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge. (8:04-cr-00160-RWT-1)

—————

Submitted:  September 30, 2010     Decided:  October 19, 2010

—————

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————

Vacated and remanded by unpublished per curiam opinion.

—————

John Richard Proctor, Appellant Pro Se.  Steven M. Dunne, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Richard Proctor appeals from the district court's order denying his 18 U.S.C. § 3582(c) (2006) motion for a reduction in sentence pursuant to Amendment 706 of the Sentencing Guidelines. The district court determined that, because Proctor qualified as a career offender, he was not eligible for a reduction in sentence based on Amendment 706.

Proctor pled guilty to possession with intent to distribute 50 grams or more of cocaine base and unlawful possession of firearms and ammunition by a convicted felon. At sentencing, Proctor was held accountable for more than 1.5 kilograms of crack cocaine, resulting in a base offense level of 38. Although Proctor qualified as a career offender, the offense level determined under U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2008) resulted in a higher offense level, so Proctor's offense level was not changed under the career offender guideline. After a two-level reduction for acceptance of responsibility, Proctor's adjusted offense level was 36, his criminal history category VI, and his guideline range 324 to 405 months. The district court sentenced him to 324 months' imprisonment.

In November 2009, Proctor filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), based on Amendment 706, which reduced the offense levels applicable to crack

2

cocaine offenses. The district court denied the motion, concluding that, because Proctor was sentenced under the career offender guideline, he cannot benefit from the amendment to the drug quantity table. On appeal from that order, Proctor contends that he was not sentenced as a career offender and therefore is eligible for a reduction under the amendment. We agree.

Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered," if the amendment is listed in the Guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2). In the context of Amendment 706, a defendant whose offense of conviction involved crack cocaine is eligible for a reduced sentence only if the amendment lowers the defendant's applicable guideline range. See United States v. Lindsey, 556 F.3d 238, 244 (4th Cir.), cert. denied, 130 S. Ct. 182 (2009).

Although Proctor was determined to be a career offender, his guideline range was determined with reference to the quantity of drugs attributed to him under USSG § 2D1.1 because the guideline range produced by the career offender designation was lower. See USSG § 4B1.1(b) ("[I]f the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [generated by the

3

career offender designation] shall apply."). Proctor's offense level determined by reference to the drug quantity was 38; the career offender guideline was 37. Because the offense level determined under the drug tables was higher, that level was used to determine Proctor's sentence. Thus, Proctor's sentence was, in fact, based on a guideline range that was subsequently lowered by Amendment 706. Accordingly, the district court's finding that Amendment 706 did not authorize a sentence reduction for Proctor because of his career offender designation was erroneous. See United States v. McGee, 553 F.3d 225, 230 (2d Cir. 2009) (concluding that a defendant who was designated as a career offender but ultimately explicitly sentenced based on a guideline range calculated by USSG § 2D1.1 was eligible for a sentence reduction).

Applying the amended drug quantity table in § 2D1.1 results in an offense level of 36, based on 1.5 kilograms of crack cocaine. The career offender guideline requires offense level 37, unless a higher level is determined based on the offense of conviction. Because the offense level under the career offender guideline is higher than the level determined by reference to the drug quantity, Proctor's offense level would be 37. After the two-level reduction for acceptance of responsibility, his total offense level would be 35 and, at criminal history category VI, his guideline range would be 292

4

to 365 months. Because application of Amendment 706 to Proctor's sentencing results in a sentencing range that is lower than the 324 to 405 month range applicable before Amendment 706, a reduction in Proctor's sentence is authorized under § 3582(c). Because the district court mistakenly concluded that it was not so authorized, we vacate the district court's order and remand to the district court for a determination of whether the reduction should be applied in Proctor's case.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] We determine in this opinion that a reduction is authorized; we express no opinion as to whether a reduction in Proctor's sentence is warranted. See United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010) (providing that determination of whether to grant reduction of sentence authorized under Amendment 706 is within discretion of the district court judge).