**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7902**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHNNY MACK, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:04-cr-00226-RJC-CH-1)

Submitted:  January 20, 2011      Decided:  March 17, 2011

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Johnny Mack, Jr., Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Mack, Jr., appeals the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006) and Amendment 706 to the Sentencing Guidelines. The district court is generally authorized to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines under § 3582(c)(2), so long as the amendment has been made retroactively applicable. See U.S. Sentencing Guidelines Manual (USSG) § 1B1.10, p.s. (2010); see also USSG § 1B1.10(c) (stating Amendment 706 applies retroactively). A defendant, however, is ineligible for a sentence reduction "if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10 cmt. n.1(A).

The district court began Mack's sentencing hearing by establishing a base offense level of thirty under USSG § 2D1.1(c)(5).[1] After application of a two-level reduction under

---

[1] Mack pled guilty to possession with intent to distribute five grams or more of cocaine base (Count 1), possession of a firearm during and in relation to a drug trafficking crime (Count 2), and possession of a firearm by a felon (Count 3). Counts 1 and 3 were closely related and therefore grouped under the Sentencing Guidelines. See USSG § 3D1.2(c) (explaining when (Continued)

Amendment 706, the relevant offense level for Count 1 becomes twenty-eight. See generally United States v. Lindsey, 556 F.3d 238, 244-46 (4th Cir.) (explaining methodology for applying Amendment 706), cert. denied, 130 S. Ct. 182 (2009). Because this offense level still is greater than the offense level determined under Count 3 (the firearm count), Count 1 controls. With a three-level reduction for acceptance of responsibility, the revised grouped offense level is twenty-five, and the amended Guidelines range is 100 to 125 months, making Mack eligible for a sentence reduction.

Because we conclude that Mack is eligible for a sentence reduction, we vacate the district court's order and remand for further consideration under USSG § 1B1.10.[2] We dispense with oral argument because the facts and legal

_____

counts should be grouped for "involv[ing] substantially the same harm").

[2] By this disposition, we indicate no view as to whether the district court should exercise its discretion to reduce Mack's sentence; we simply conclude that the court erred by finding that Mack was not eligible for a sentencing reduction. Indeed, in exercising its discretion, the district court must be mindful that the Guidelines direct that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) [(2006)] and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." USSG § 1B1.10(b)(2)(B).

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED