**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-7136**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KENNETH WAYNE MCLEOD, a/k/a Killer,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:98-cr-00306-NCT-1)

_____

Submitted: February 6, 2012         Decided: July 17, 2012

_____

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Wayne McLeod seeks to appeal the district court's order denying his motion filed pursuant to 18 U.S.C. § 3582(c)(2) (2006). McLeod argues that the district court abused its discretion in denying his motion based on its finding that more than 4.5 kilograms of crack cocaine was attributable to him. We affirm.

Guidelines Amendment 706 reduced the offense level applicable to most crack cocaine offenses. United States v. Lindsey, 556 F.3d 238, 243 (4th Cir.), cert. denied, 130 S. Ct. 182 (2009); see U.S. Sentencing Guidelines Manual ("USSG") § 1B1.10(c) (2008) (stating amendment applies retroactively). Under this Amendment, a defendant whose drug conviction involved crack cocaine is eligible for a reduced sentence only if the Amendment lowers his applicable Guidelines range. Lindsey, 556 F.3d at 244. However, the base offense level for offenses involving 4.5 kilograms or more of crack is not affected by Amendment 706. See USSG § 2D1.1(c)(1) & n.10(D)(ii)(I).

In reviewing a § 3582 motion, the district court is not permitted to make new findings inconsistent with the factual findings made during the original sentencing. United States v. Woods, 581 F.3d 531, 538 (7th Cir. 2009). However, the court may make new, consistent findings if they are supported by the record. United States v. Hall, 600 F.3d 872, 876 (7th Cir.

2010); see also United States v. Moore, 582 F.3d 641, 646 (6th Cir. 2009) ("We do not agree with [the defendant] that the district court's previous determination of 'more than 1.5 kilograms' means that it cannot also find more than 4.5 kilograms."). When a defendant, like McLeod, fails to object to factual findings in his presentence report ("PSR"), the Government has met its burden of proving those facts by a preponderance of the evidence, and the court may rely on them in sentencing the defendant without further inquiry. See United States v. Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006).

In rejecting McLeod's motion, the district court specifically held that the quantity of crack attributable to McLeod was 4.5 kilograms or greater. After reviewing the record, we conclude that the district court's finding was amply supported by the offense conduct section of McLeod's PSR, to which McLeod stipulated as the factual basis for his guilty plea, and that the finding was consistent with the sentencing court's original factual findings regarding drug quantity. Thus, the district court did not abuse its discretion in denying McLeod's motion. See United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010) (stating standard of review).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED