**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7310**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

RICARDO BORNALES, III, a/k/a Toto, a/k/a Mr. David,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:05-cr-00134-MSD-FBS-1)

———————

Submitted: January 14, 2016      Decided: February 4, 2016

———————

Before MOTZ, Circuit Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ricardo Bornales, III, Appellant Pro Se. Elizabeth Marie Yusi, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Bornales, III, appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion. On appeal, he contends that the district court erred in determining that he was responsible for over 31 kilograms of "Ice" and that the district court misstated his offense level. We affirm.

We review for abuse of discretion a district court's decision whether to reduce a sentence under § 3582(c)(2) and review de novo a district court's conclusion on the scope of its legal authority under that provision. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the Sentencing Guidelines amendment at issue is retroactively applicable. See U.S. Sentencing Guidelines Manual § 1B1.10(a)(1), p.s. (2015). Amendment 782 applies retroactively, USSG § 1B1.10(d), p.s., and a sentence reduction under § 3582(c)(2) is authorized where the Amendment has the effect of lowering the applicable Guidelines range. See USSG § 1B1.10(a)(2)(B), p.s. To determine whether an amendment lowers the applicable Guidelines range, USSG § 1B1.10(b)(1) provides that the court should substitute the amendment for the corresponding Guidelines provisions that were applied when the

2

movant was sentenced and that the court should leave all other Guidelines application decisions unaffected. United States v. Lindsey, 556 F.3d 238, 244 (4th Cir. 2009) (internal quotation marks omitted).

Bornales's presentence report ("PSR") attributed him with over 31 kilograms of "Ice." However, a base offense level of 38, at the time of Bornales's sentencing, required a finding of only 1.5 kilograms or more of "Ice." In denying Bornales's § 3582 motion, the district court found him responsible for over 31 kilograms of "Ice," which Bornales claims was error given that the district court did not make specific findings at sentencing.

Amendment 782 lowered the offense levels for drug offenses involving certain quantities of drugs. See USSG § 2D1.1(c); USSG App. C Amend. 782. However, the base offense level for offenses involving 4.5 kilograms or more of "Ice" is unaffected by Amendment 782. USSG § 2D1.1(c)(1). Accordingly, if Bornales was indeed responsible for more than 4.5 kilograms of "Ice," he would not be eligible for a sentence reduction under Amendment 782, because the Amendment did not lower his sentencing range. 18 U.S.C. § 3582(c)(2).

While the district court may not make new findings of drug amounts inconsistent with those made during the original sentencing, the court is permitted to make new findings that are

3

supported by the record and consistent with the findings at the original sentencing.  See United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010).  Specifically, "a finding that the defendants were responsible for at least 4.5 kilograms is not inconsistent with the conclusion of the original sentencing court that the defendants were responsible for amounts in excess of 1.5 kilograms."  United States v. Woods, 581 F.3d 531, 539 (7th Cir. 2009), overruled on other grounds by United States v. Taylor, 778 F.3d 667 (7th Cir. 2015).

Here, the record reflects that the sentencing court did not specifically find that Bornales was responsible for over 31 kilograms of "Ice."  Nonetheless, the PSR contains 12 pages listing numerous "Ice" transactions involving Bornales and covering a period of over 3 years.  Bornales did not object to the PSR's drug amount calculation or any of the factual statements regarding individual sales.  In addition, at sentencing, the district court explicitly adopted the findings in the PSR.  See United States v. Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006) (holding that, when a defendant, fails to object to factual findings in his PSR, the court may rely on them in sentencing the defendant without further inquiry).

Bornales has failed to come forward with any evidence showing that the amounts stated in the PSR were inaccurate. Accordingly, given the high level of deference due to the

4

district court in a § 3582 proceeding, we conclude that it was not an abuse of discretion to hold Bornales responsible for over 31 kilograms of "Ice." As such, Amendment 782 did not lower Bornales's Guidelines range, and he is, therefore, ineligible for a sentence reduction. See United States v. Moore, 582 F.3d 641, 644 (6th Cir. 2009) (holding a reversal of district court's ruling on § 3582 motion should only occur if court is "firmly convinced that a mistake has been made").

Bornales' second argument is easily rejected. Bornales contends that, at his original sentencing, his base offense level was 37 and, as such, the district court erred in the instant proceeding by stating that his offense level was 38. In the instant case, however, the district court, was clearly referring to the base offense level under USSG § 2D1.1, which was 38 at Bornales' original sentencing as well as after Amendment 782. While Bornales' adjusted offense level was 37 at his original sentencing, such a calculation was based on additional adjustments, not relevant to the district court's analysis in the instant case.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5