ALD-223                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1123
_____

UNITED STATES OF AMERICA

v.

TERRENCE GIBBS, a/k/a T, a/k/a Terry


Terrence Gibbs,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2-96-cr-00593-002)
District Court Judge:  Honorable Harvey Bartle, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2016

Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Filed: April 21, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Terrence Gibbs appeals the District Court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Gibbs was convicted of conspiring to distribute cocaine, bribing a public official, engaging in a continuing criminal enterprise, money laundering, and using a telephone to facilitate a drug felony. At his sentencing, the District Court determined that Gibbs' total offense level was 46—his base offense level was 38, and the court added two levels for possessing a dangerous weapon, four levels because Gibbs was the leader of a criminal conspiracy involving at least five participants, and two more levels for obstructing justice. Because life in prison was the recommended sentence for an offense level of 46 under the United States Sentencing Guidelines ("Guidelines"), the District Court imposed that sentence. We affirmed his conviction and sentence on direct appeal. See United States v. Gibbs, 190 F.3d 188, 195 (3d Cir. 1999).

After the adoption of Amendment 782 to the Guidelines, which reduced the offense levels under the Guidelines for most drug quantities, Gibbs moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Gibbs acknowledged that the "Government may argue . . . by leaving all of [his] other guideline calculations unaffected after a [two] level reduction . . . [his] total offense level would be lowered to 44, which [] yields the same guideline range of life imprisonment." Gibbs urged the District Court to instead subtract two levels from a total offense level of 43. He argued that the sentencing table—which contains the sentencing ranges that correspond with

2

each total offense level—stops at 43 and that applying any sentence based on an offense level greater than 43 would be illegal under Edwards v. United States, 523 U.S. 511, 515 (1998) ("a maximum sentence set by statute trumps a higher sentence set forth in the guidelines").  Gibbs reasoned that, applying Amendment 782 to an offense level of 43, his total offense level should be 41, which would result in a Guidelines range of 324 to 405 months.

The District Court disagreed.  It ruled that applying Amendment 782 would reduce Gibbs' base offense level by two, making it 36.  Adding the enhancements applied at the original sentencing, Gibbs' total offense level would be 44.  Because the sentencing table requires that "an offense level of more than 43 [] be treated as an offense level of 43," which carries a recommended Guidelines sentence of life in prison, the court determined that Amendment 782 did not lower Gibbs' applicable sentencing range.  Accordingly, the District Court found no basis to reduce his sentence.  See United States v. Lindsey, 556 F.3d 238, 244 (4th Cir. 2009) (holding that where a recalculation under an Amendment to the sentencing guidelines "leads to the *same* applicable [Guidelines] range, no modification of [the defendant's] sentence is authorized by § 3582(c).") (emphasis in original).

Gibbs appealed.  We have jurisdiction under 28 U.S.C. § 1291.  We may summarily affirm the District Court's judgment if there is no substantial question presented on appeal.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Generally, a district court cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c).

3

Section 3582(c)(2) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission;" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A reduction in sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines also provide specific instructions for a court when determining whether a sentence reduction is warranted. § 1B1.10(b)(1). Section 1B1.10(b)(1) instructs that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced[,] . . . substituting only the amendment[] . . . for the corresponding guideline provision[] that [was] applied" but "leav[ing] all other guideline application decisions unaffected." Id.; see also Lindsey, 556 F.3d at 243.

Here, applying the two-level reduction under Amendment 782, Gibbs' base offense level would be reduced from 38 to 36. Adding the sentence enhancements the District Court originally applied at sentencing—two levels for possessing a dangerous weapon, four levels because Gibbs was the leader of a criminal conspiracy involving at least five participants, and two more levels for obstructing justice—Gibbs' total offense level would be 44. As the District Court ruled, an offense level of 44 must be treated as an offense level of 43, which corresponds to Guidelines sentence of life in prison—the same Guidelines sentence as Gibbs' original Guidelines sentence. Therefore, as the

4

District Court correctly explained, Amendment 782 did not lower Gibbs's sentencing range, and no reduction in Gibbs' sentence is authorized by 18 U.S.C. § 3582(c)(2). See Lindsey, 556 F.3d at 243.

To the extent that Gibbs argues that any sentence, including apparently his original sentence, is illegal under Edwards, 523 U.S. at 515 ("a maximum sentence set by statute trumps a higher sentence set forth in the guidelines"), if it is based on an offense level greater than 43, that argument cannot be properly raised in a § 3582 proceeding. See U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant."); see also Dillon v. United States, 130 S. Ct. 2683, 2690-91 (2009) (§ 3582 authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding"). Rather, a motion under 28 U.S.C. § 2255 is the proper mechanism for challenging a federal conviction or an allegedly illegal sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) (distinguishing between motions brought under § 3582(c) and those brought under § 2255).

For these reasons, we will summarily affirm the judgment of the District Court.