CLD-026                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3484
_____

UNITED STATES OF AMERICA

v.

DARRYL E. COLEMAN,
a/k/a T, a/k/a Tubbs, a/k/a D

Darryl E. Coleman,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-96-cr-00539-001)
District Judge: Honorable Harvey Bartle, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016
Before:  FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 3, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Darryl Coleman, proceeding pro se, appeals from the District Court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In May 1997, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Coleman was convicted of several federal offenses relating to his major role in a drug trafficking organization. At sentencing, the District Court determined that Coleman's base offense level was 38 and applied the following adjustments: a two-level increase for possessing firearms, see U.S.S.G. § 2D1.2; a four-level increase for Coleman's leadership role, see id. § 3B1.1(a); and another two-level increase for obstructing justice, see id. § 3C1.1. This resulted in an adjusted offense level of 46. With a Criminal History Category of II, Coleman's Guidelines range was life imprisonment. The District Court imposed that sentence and we affirmed. United States v. Coleman, C.A. No. 97-1737 (Aug. 26, 1999).

On July 15, 2016, Coleman filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Guidelines, which lowered the base offense levels associated with certain drug quantities involved in federal drug offenses. The District Court determined that Amendment 782 did not lower Coleman's sentencing range and denied relief. Coleman timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and otherwise review the denial of relief under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We may summarily affirm the District Court's ruling if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Generally, a district court cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c). Section 3582(c)(2) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission;" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A reduction in sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable [G]uideline range." U.S.S.G. § 1B1.10(a)(2)(B); see also United States v. Lindsey, 556 F.3d 238, 244 (4th Cir. 2009).

Upon review, we agree with the District Court that Coleman was not entitled to a sentence reduction because Amendment 782 does not lower his Guidelines range. The Amendment reduces his base offense level from 38 to 36, but, when the other adjustments are applied, Coleman's total offense level becomes 44 (treated as 43 under the Sentencing Table). With an established criminal history category of II, Coleman's

3

new Guidelines range is life imprisonment—the same Guidelines range applied at his original sentencing. Therefore, the District Court correctly concluded that he is not eligible for a sentence reduction under § 3582(c)(2).

III.

Accordingly, we will summarily affirm the judgment of the District Court.