**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4735**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RONALD SPENCER FAULK, JR.,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00049-RJC-DCK-1)

_____

Submitted: July 20, 2018                       Decided: August 21, 2018

_____

Before WILKINSON, KING, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Spencer Faulk, Jr., appeals his conviction and sentence after pleading guilty to failing to surrender for service of his previously imposed sentence in violation of 18 U.S.C. § 3146(a)(2) (2012). On appeal, Faulk's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court judge erred in not recusing himself in this case, and whether the court erred in not imposing his prison sentence to run concurrently with his previously imposed prison sentence. Faulk was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Faulk first raises the issue of whether the judge erred in not recusing himself sua sponte, because a publicly available website indicates the judge was the United States Attorney at the time of Faulk's prior conviction in 2002. Faulk did not move for his recusal in the district court but raises the issue for the first time on appeal.

"Judicial recusals are governed by a framework of interlocking statutes. Under 28 U.S.C. § 455(a), all 'judge[s] of the United States' have a general duty to 'disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned.'" *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting 28 U.S.C. § 455(a)). "In turn, the following subsection, 28 U.S.C. § 455(b), offers a list of other situations requiring recusal . . . ." *Id.* One such situation is that "a judge 'shall disqualify himself in any proceeding . . . [w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in

2

controversy.'" *United States v. Lindsey*, 556 F.3d 238, 247 (4th Cir. 2009) (quoting 28 U.S.C. § 455(a), (b)(3)). "As for § 455(a), the 'objective standard asks whether the judge's impartiality might be questioned by a reasonable, *well-informed* observer who assesses *all the facts and circumstances*.'" *United States v. Stone*, 866 F.3d 219, 230 (4th Cir. 2017) (citation omitted). Here, Faulk does not allege or provide evidence that the district judge participated in the proceeding as a United States Attorney. "Without that evidentiary basis in the record, the Court would engage in utter speculation" to conclude that the judge should have recused himself, and we decline to do so. *Id.*

Faulk next raises the issue of whether the district court erred in not imposing his sentence to run partially concurrently with his previously imposed sentence as recommended in the parties' plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B). "As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). "Pursuant to this standard, we review the district court's legal conclusions de novo and factual findings for clear error." *Id.* (citation omitted). "A within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.) (citation omitted), *cert. denied*, 137 S. Ct. 2252 (2017).

Here, the district court determined that Faulk's Sentencing Guidelines range was 8 to 14 months in prison, and it sentenced him within the range to 12 months. The court also imposed his prison sentence to run consecutively to his previously imposed prison sentence. Although the parties had recommended that the sentence run concurrently,

3

Faulk acknowledged during his Rule 11 hearing, and in the plea agreement, that the court would not be bound by the parties' sentencing recommendation. In fact, the court was statutorily required to impose his prison sentence to run consecutively. *See* 18 U.S.C. § 3146(b)(2) (2012). Accordingly, we find no error or abuse of discretion by the district court.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4