**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7135**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILIBALDO MARTINEZ-VIVANCO, a/k/a Neftali Montoya-Contreras, a/k/a El Caballo, a/k/a William, a/k/a Flaco, a/k/a Jose Ruiz Perez, a/k/a El Diablo,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:11-cr-00246-JFA-10)

Submitted:  March 10, 2020                 Decided:  March 12, 2020

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wilibaldo Martinez-Vivanco, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilibaldo Martinez-Vivanco was sentenced in January 2013 to 180 months in prison after pleading guilty to conspiracy to possess with intent to distribute, and distribute, 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B), 846 (2018). Although Martinez-Vivanco faced a Sentencing Guidelines range of 360 months to life in prison—based on an offense level of 41 and a category-IV criminal history—the district court imposed the shorter term that the Government and Martinez-Vivanco had agreed upon in the plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C).

In March 2019, Martinez-Vivanco moved under 18 U.S.C. § 3582(c)(2) (2018) for a reduction of his sentence based on Sentencing Guidelines Amendments 782 and 788, which retroactively lowered by two the base offense levels for drug offenses. He argued that he was eligible for a reduction in light of *Hughes v. United States*, 138 S. Ct. 1765 (2018). The district court denied his motion.

Martinez-Vivanco appeals, relying on *Hughes*, but we conclude he is ineligible for a reduction. The district court may only reduce a sentence under § 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court in *Hughes* clarified that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is "based on" the Sentencing Guidelines range if the range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement," 138 S. Ct. at 1775, but that does not help Martinez-Vivanco, whose path

2

is blocked by a different obstacle: Amendments 782 and 788 do not lower his sentencing range. After a 2-level reduction, his offense level of 39 and category-IV criminal history produce the same range of 360 months to life in prison. Therefore, even if Martinez-Vivanco's sentence was "based on" his Guidelines range, he is ineligible for a § 3582(c)(2) reduction because his range has not "subsequently been lowered[.]" 18 U.S.C. § 3582(c)(2); *see* U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (2018) (reduction under § 3582(c)(2) not authorized if amendment "does not have the effect of lowering the defendant's applicable guideline range"); *United States v. Lindsey*, 556 F.3d 238, 244-46 (4th Cir. 2009).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*